SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error,* v. MINNIE EASON, *Defendant in Error.*

Opinion Filed November 18, 1922.

In an action for personal injuries where no errors of law or of procedure appear in the record and the verdict for the plaintiff is sustained by the evidence and is not excessive, but the judgment is for an amount in excess of the verdict, a remittitur will be permitted as an alternative for a reversal of the judgment for the entry of a judgment in accord with the verdict.

A writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Affirmed if remittitur is entered.

*Knight, Thompson & Turner*, for Plaintiff in Error;

*O. Edgar Williams, R. B. Huffaker* and *Lee J. Clyatt*, for Defendant in Error.

PER CURIAM.—In an action to recover damages for personal injuries received in alighting from defendant's train the verdict awards $900.00 damages while the judgment is for $950.00 damages.

Among the errors assigned on writ of error is that the court erred in admitting evidence that the plaintiff had children dependent on her. This was error, but in view of the amount of the verdict, it is obvious that the error did not unduly enhance the damages awarded and it was therefore not harmful to the defendant.

Contributory negligence was not shown. No material or harmful errors appear in the transcript. The damages awarded by the verdict are not excessive, but as the amount of the judgment is in excess of the verdict a remittitur of the excess should be entered and thereupon the judgment will stand affirmed for $900.00 damages, otherwise the judgment will stand reversed for the entry of a judgment in accord with the verdict.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.